UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CROSSET COMPANY, LLC<br><br>       Plaintiff,<br><br>v.<br><br>AL'S PRODUCE, LLC, et al.<br><br>       Defendants. | CASE NO.: 2:15-cv-11619-GCS-DRG |
| MARTYN AND ASSOCIATES<br>Ryan M. Gembala   (OH ID # 0079431)<br>  Admitted to Eastern District of Michigan<br>Attorney for Plaintiff<br>820 W. Superior Avenue<br>Tenth Floor<br>Cleveland, Ohio 44113<br>(216) 861-4700 – telephone<br>(216) 861-4703 – facsimile<br>E-mail: rgembala@martynlawfirm.com | |

**DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT AL'S PRODUCE, LLC**

This matter came before the Court upon the Motion of Plaintiff Crosset Company, LLC ("Crosset") for Default Judgment against Defendant Al's Produce, LLC ("Defendant").  Upon review of the Motion, Memorandum, and the Declarations and Exhibits submitted therewith, the Court makes the following findings:

1.     On May 11, 2015, Defendant was served with the Complaint and Summons. More than twenty-one days have passed, with no answer, appearance or responsive pleading having been filed by Defendant.

2.     On June 8, 2015, the Clerk entered the default of Defendant.  (Doc. No. 11.)

3. In the Complaint, Plaintiff Crosset seeks relief against Defendant under the Perishable Agricultural Commodities Act, 7 U.S.C. §499 *et seq.* ("PACA").

4. Plaintiff Crosset sold to Defendant perishable agricultural commodities in the amount of $37,151.51, all of which remains unpaid, plus accruing interest and attorneys' fees and expenses.

5. Defendant is a "dealer" as that term is defined by 7 U.S.C. §499a(b)(6).

6. As a "dealer" who purchased perishable agricultural commodities within interstate commerce, Defendant is subject to PACA and the PACA Regulations promulgated thereunder.

7. On its invoices, Plaintiff Crosset each included the following language, which is required by 7 U.S.C. §499e(c)(3) in order to preserve its rights under PACA:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

8. Plaintiff Crosset's invoices further provide, in pertinent part, as follows:

> Past due invoices shall accrue interest at 1½% per month. If overdue accounts are referred to an attorney, you agree to pay our attorney's fees plus the cost of all legal action as an additional charge under the contract for sale covered by this invoice. Additionally, all interest and attorney's fees are sums owing in connection with the transaction.

9. Plaintiff has preserved its rights under PACA, and has established that it is a perfected PACA trust beneficiary entitled to distributions of the trust created under PACA.

10. Defendant is a trustee of the PACA trust held for the benefit of Plaintiff and other PACA creditors. Defendant has breached its fiduciary duty to preserve these trust funds for

Plaintiff and other PACA creditors. Defendant has failed to pay Crosset for the perishable agricultural commodities it ordered, received, and accepted despite due demand. As such, Defendant is liable under PACA.

11. In addition to the unpaid principal, Defendant is liable to Plaintiff Crosset for pre- and post-judgment interest, attorneys' fees, and expenses, as sums owning in connection with the produce transactions at issue. 7 U.S.C. §499e(c)(2). *Middle Mt. Land & Produce, Inc. v. Sound Commodities,* 307 F.3d 1220 (9th Cir. 2002).

Based upon the foregoing, default judgment is hereby granted in favor of Plaintiff Crosset and against Defendant Al's Produce, LLC, in the principal amount of $37,151.51, plus prejudgment interest of $2,829.31 as of July 23, 2015, accruing at $18.32 per diem going forward until this Judgment is satisfied in full, plus $6,373.71 in attorneys' fees and expenses.

It is further Ordered that Defendant and its officers, agents, servants, employees, attorneys, and financial institutions are hereby ordered to turn over to Plaintiff's counsel at Martyn and Associates 820 W. Superior Avenue, Tenth Floor, Cleveland, Ohio 44113, all PACA trust assets in its possession, custody, or control to the extent that this Judgment is satisfied and Crosset is paid all amounts due hereunder. PACA trust assets shall include, but are not limited to, inventory of perishable agricultural commodities, proceeds from the sale of perishable agricultural commodities, and accounts receivable for the sale of perishable agricultural commodities.

The Court hereby enters this Final Judgment against Defendant as provided in Fed. R. Civ. P. 54. Plaintiff is not a party to any pending counterclaims or cross-claims in this Court, and therefore, the rights between Plaintiff Crosset and Defendants cannot be affected by any

continued proceeding among/between the parties. Accordingly, there is no just reason for delay in entering this Final Judgment from which sums let execution issue.

    IT IS SO ORDERED.

7-23-15
Date

GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

4